1   **WO**                                                                          SC

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                       **FOR THE DISTRICT OF ARIZONA**

8

9   Ronald Bondurant,                    )   No. CV 07-8108-PCT-EHC (MEA)
                                          )
10              Plaintiff,                )   **ORDER**
                                          )
11  vs.                                   )
                                          )
12  Yavapai County, et al.,               )
                                          )
13              Defendants.               )
    _____)

14

15          Plaintiff Ronald Bondurant, who is confined in the Arizona State Prison Complex-

16  Lewis, in Buckeye, Arizona, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C.

17  § 1983, with a deficient application to proceed *in forma pauperis*.  (Doc.# 1.)[1]  The Court

18  denied Plaintiff's *in forma pauperis* application with leave either to pay the filing fee or to

19  file a proper Application to Proceed *In Forma Pauperis*.  (Doc.# 3.)  Plaintiff has filed a

20  proper *in forma pauperis* application, which will be granted.  (Doc.# 4.)  The Court will

21  dismiss the Complaint with leave to amend.

22  **I.     Application to Proceed *In Forma Pauperis* and Filing Fee**

23          Plaintiff's Application to Proceed *In Forma Pauperis* will be granted.  28 U.S.C.

24  § 1915(a).  Plaintiff must pay the statutory filing fee of $350.00.  28 U.S.C. § 1915(b)(1).

25  The Court will not assess an initial partial filing fee.  28 U.S.C. § 1915(b)(1).  The statutory

26  fee will be collected monthly in payments of 20% of the previous month's income each time

27  _____

28          [1]  "Doc.#" refers to the docket number of filings in this case.

**JDDL-K**

1
2
3

the amount in the account exceeds $10.00.  28 U.S.C. § 1915(b)(2).  The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

4

**II.    Statutory Screening of Prisoner Complaints**

5
6
7
8
9
10
11
12
13
14
15
16

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).  In addition, a complaint must comply with Rule 8 of the Federal Rules of Civil Procedure.  McHenry v. Renne, 84 F.3d 1172 (9th Cir. 1996). To comply with Rule 8, a plaintiff should set forth "who is being sued, for what relief, and on what theory, with enough detail to guide discovery."  Id. at 1177.  To assist prisoners in meeting these requirements, the Court requires use of a form complaint.  LRCiv 3.4(a) ("All complaints . . . shall be signed and legibly written or typewritten on forms approved by the Court and in accordance with the instructions provided with the forms . . . .).

17
18
19
20
21
22
23

If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action.  See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*).  The Court should not, however, advise the litigant how to cure the defects.  This type of advice "would undermine district judges' role as impartial decisionmakers."  Pliler v. Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies).

24
25
26
27
28

Plaintiff's Complaint will be dismissed for two reasons.  First, Plaintiff failed to use the court-approved form complaint and to set forth clearly who is being sued, for what relief and on what theory.  Second, the Complaint will be dismissed for failure to state a claim.  Plaintiff will be granted leave to amend, using the court-approved form, because the Complaint may possibly be saved by amendment.

1

## III.    Complaint

2      Plaintiff alleges two violations in his Complaint.[2]  He alleges that Officer Ithaca and

3   other, unidentified Camp Verde Detention Center officers, "with intent to cause bodily harm

4   [to Plaintiff] maliciously, willfully, negligently and deliberately commit[ed] assault and

5   battery" on April 7, 2006.  (Doc.# 1 at 1.)  Specifically, Plaintiff alleges that the officers

6   threw him down and kicked him repeatedly resulting in back, hand, and finger injuries and

7   headaches, affecting Plaintiff's ability to conduct business and his quality of life.  (Id.)

8   Plaintiff further alleges that "medical staff" denied Plaintiff "proper medical attention" after

9   the incident.  (Id. at 1-2.)  Plaintiff seeks judgment against Yavapai County, Camp Verde

10  Detention Center officers, Dr. Stonecipher, Ithaca, city prosecutor Sheila Polk, Judge Janis

11  Sterling, and Arizona Attorney General Terry Goddard, in their individual and official

12  capacities.  (Id. at 4.)  Plaintiff seeks compensatory damages.

13  ## IV.    Failure to Use the Court-Approved Form

14      As noted above, Plaintiff failed to use the court-approved form for his Complaint, but

15  will be afforded the opportunity to file a first amended complaint on the court-approved

16  form.  In doing so, Plaintiff must comply with the Instructions provided with the form

17  complaint.  The Instructions in relevant part provide that:

18      **Local Rule of Civil Procedure (LRCiv) 3.4(a) provides that complaints by
19      incarcerated persons must be filed on the court-approved form.** The form
        must be typed or neatly handwritten.  The form must be completely filled in
20      to the extent applicable.  All questions must be answered clearly and concisely
        in the appropriate space on the form.  If needed, you may attach additional
21      pages, **but no more than fifteen additional pages,** of standard letter-sized
        paper.  You must identify which part of the complaint is being continued and
        number all pages.  If you do not fill out the form properly, you will be asked
22      to submit additional or corrected information, which may delay the processing
        of your action.  You do not need to cite law.

23  (Instructions at ¶ 1.)  Further, the Instructions provide that:

24      1. Counts. You must identify which civil right was violated. **You may allege
        the violation of only one civil right per count.**
25      2. Issue Involved.  Check the box that most closely identifies the issue
        involved in your claim.  **You may check only one box per count.**  If you
26      check the box marked "Other," you must identify the specific issue involved.
        3. Supporting Facts.  After you have identified which civil right was violated,
27      *you must state the supporting facts.  Be as specific as possible.  You must state*

28

_____

[2]  Plaintiff did not submit his Complaint on the court-approved form.

*what each individual defendant did to violate your rights.  If there is more than one defendant, you must identify which defendant did what act.*  You also should state the date(s) on which the act(s) occurred, if possible.

4. Injury.  State precisely how you were injured by the alleged violation of your rights.

(Id., part C) (italics added).

The Instructions also provide specific directions about how to identify defendants. Under "Heading," the Instructions state that:

2. Defendants.  If there are **four or fewer** defendants, print the name of each [on page 1].  If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants. Insert the additional page after page 1 and number it "1-A" at the bottom.

(Id. at 3.)  Further, under "Jurisdiction," the Instructions direct:

Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.  Insert the additional page(s) immediately behind page 2.

(Id.)

## V.   Failure to State a Claim

In addition to not using the court-approved form complaint, Plaintiff also failed to state a claim for relief.  To state a claim under § 1983, a plaintiff must allege facts supporting that (1) the conduct about which he complains was committed by a person acting under the color of state law and (2) the conduct deprived him of a federal constitutional or statutory right.  Wood v. Ostrander, 879 F.2d 583, 587 (9th Cir. 1989).  In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).

### A.   Yavapai County

Plaintiff names Yavapai County as a Defendant.  Although Yavapai County may properly be sued for constitutional violations, Plaintiff fails to state a claim against it.  A municipality may not be held liable unless its policy or custom caused the constitutional injury.  See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507

1  U.S. 163, 166 (1993); <u>Monell v. Dep't of Soc. Serv.</u>, 436 U.S. 658, 694 (1978).  Thus, a

2  municipality may not be sued solely because an injury was inflicted by one of its employees

3  or agents.  <u>Long v. County of Los Angeles</u>, 442 F.3d 1178, 1185 (9th Cir. 2006).  Rather, the

4  municipality is liable only when the execution of its policy or custom inflicts the

5  constitutional injury.  <u>Id.</u>; <u>Miranda v. City of Cornelius</u>, 429 F.3d 858, 868 (9th Cir. 2005).

6  Therefore, a § 1983 claim against a municipal defendant "cannot succeed as a matter of law"

7  unless a plaintiff: (1) contends that the municipal defendant maintains a policy or custom

8  pertinent to the plaintiff's alleged injury; and (2) explains how such policy or custom caused

9  the plaintiff's injury.  <u>Sadoski v. Mosley</u>, 435 F.3d 1076, 1080 (9th Cir. 2006) (affirming

10  dismissal of a municipal defendant pursuant to Fed. R. Civ. P. 12(b)(6)), <u>cert. denied</u>, 126

11  S.Ct. 2864 (2006).  Plaintiff has not alleged that the County has enacted or enforced a policy,

12  custom, or practice that resulted in the denial of Plaintiff's civil rights.  Thus, Plaintiff fails

13  to state a claim against Yavapai County.

14  **B.    Unnamed Camp Verde Detention Officers**

15  Plaintiff sues unnamed Camp Verde Detention Officers.  Rule 10(a) of the Federal

16  Rules of Civil Procedure requires the plaintiff to include the names of the parties in the

17  action.  As a practical matter, it is impossible in most instances for the United States Marshal

18  or his designee to serve a summons and complaint on an anonymous defendant.

19  The Ninth Circuit has held that where identity is unknown prior to the filing of a

20  complaint, the plaintiff should be given an opportunity through discovery to identify the

21  unknown defendants, unless it is clear that discovery would not uncover the identities, or that

22  the complaint would be dismissed on other grounds.  <u>Wakefield v. Thompson</u>, 177 F.3d

23  1160, 1163 (9th Cir. 1999) (citing <u>Gillespie v. Civiletti</u>, 629 F.2d 637, 642 (9th Cir. 1980)).

24  Plaintiff may use the discovery processes to obtain the names of the persons whom he

25  believes violated his constitutional rights.  If Plaintiff discovers the true identities of these

26  fictitious defendants through the discovery process, or otherwise, he may seek leave of the

27  Court to amend his Complaint to name these individuals.

28  /    /    /

**C.      Defendants Stonecipher, Polk, Sterling, and Goddard**

Plaintiff seeks judgment against Defendants Stonecipher, Polk, Sterling, and Goddard. A plaintiff must allege facts to support that a particular defendant violated the plaintiff's rights under color of state law and that a particular defendant thereby deprived the plaintiff of a federal constitutional or statutory right. Wood, 879 F.2d at 587.  Further, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and allege facts supporting an affirmative link between the injury and the conduct of that defendant.  Plaintiff fails to allege any facts to support that Defendants Stonecipher, Polk, Sterling, or Goddard violated his federal constitutional or statutory rights.  Accordingly, Plaintiff fails to state a claim against these Defendants.

**D.      Excessive Force**

Plaintiff alleges that Detention Officer Ithaca and other unnamed officers intentionally and "negligently" used force against him.  Plaintiff thus appears to assert a claim for excessive force against Ithaca and the other unidentified officers.  The Fourth Amendment applies to excessive force claims by pretrial detainees, see Lolli v. County of Orange, 351 F.3d 410, 415 (9th Cir. 2003), while the Eighth Amendment applies to excessive force claims of convicted inmates, see Hudson v. McMillian, 503 U.S. 1, 7 (1992); Graham v. Connor, 490 U.S. 386, 395 n.10 (1989).  Under either, force may not be used maliciously and sadistically for the purpose of causing harm.  Hudson v. McMillian, 503 U.S. 1, 7 (1992); Watts v. McKinney, 394 F.3d 710, 711 (9th Cir. 2005).  The question is whether an officer's actions were objectively reasonable in light of the facts and circumstances confronting him, without regard to underlying intent or motivation.  Lolli, 351 F.3d at 415 (citing Graham, 490 U.S. at 397).  However, negligence by a defendant acting under color of state law is not sufficient to state a claim under § 1983.  Daniels v. Williams, 474 U.S. 327, 330-31 (1986) (plaintiff must plead more than mere negligence in a § 1983 action); see Alfrey v. United States, 276 F.3d 557, 568 (9th Cir. 2002).

To the extent that Plaintiff alleges that Ithaca, or others, "negligently" used excessive force against him, he fails to state a claim.  Otherwise, Plaintiff should allege additional facts

1  regarding the use of force "to guide discovery," McHenry, 84 F.3d at 1177, and to support

2  that the use of force was excessive.

3       **E.    Medical Care**

4       Plaintiff alleges that unidentified medical staff denied him "proper medical care" after

5  he was assaulted and battered.  To state a claim for a constitutional violation regarding

6  medical care, a plaintiff must allege facts to support that he has or had a serious medical need

7  and that a particular defendant acted with deliberate indifference to that need.  See Estelle

8  v. Gamble, 429 U.S. 97, 104-05 (1976) (Eighth Amendment standard for convicted inmates);

9  Lolli, 351 F.3d at 418-19 (Fourteenth Amendment standard for pretrial detainees).  To allege

10 a serious medical need, a plaintiff must set forth facts to support that the "'failure to treat a

11 prisoner's condition could result in further significant injury or the 'unnecessary and wanton

12 infliction of pain.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting McGuckin

13 v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1991), overruled on other grounds by WMX Techs,

14 Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc)).  Deliberate indifference may occur

15 if "prison officials deny, delay or intentionally interfere with medical treatment." Hutchinson

16 v. United States, 838 F.2d 390, 394 (9th Cir.1988).  Mere negligence, however, "in

17 diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth

18 Amendment rights.'" Lopez, 203 F.3d at 1132 (quoting Hutchinson, 838 F.2d at 394).

19 Further, a delay in receiving medical care, without more, is insufficient to state a claim

20 against a jailor for deliberate indifference unless the plaintiff can show that the delay in

21 treatment harmed him.  Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407

22 (9th Cir. 1985).

23      As an initial matter, Plaintiff fails to connect the alleged failure to provide medical

24 care to any named Defendant.  Plaintiff has not set forth facts to support that any defendant's

25 alleged failure to provide medical care following the incident could have resulted in further

26 significant injury or the unnecessary and wanton infliction of pain.  Plaintiff also fails to set

27 forth facts to support that any defendant acted with deliberate indifference to Plaintiff's

28 serious medical needs by intentionally interfering or denying medical care.  For these

1   reasons, he fails to state a claim for deliberate indifference to his serious medical needs.

2   **VI.    Leave to Amend**

3        For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to state

4   a claim upon which relief may be granted.  Within 45 days, Plaintiff may submit a first

5   amended complaint to cure the deficiencies outlined above.  The Clerk of Court will mail

6   Plaintiff a court-approved form to use for filing a first amended complaint.  If Plaintiff fails

7   to use the court-approved form, the Court may strike the amended complaint and dismiss this

8   action without further notice to Plaintiff.

9        Plaintiff must clearly designate on the face of the document that it is the "First

10  Amended Complaint."  The first amended complaint must be retyped or rewritten in its

11  entirety on the court-approved form and may not incorporate any part of the original

12  Complaint by reference.  Plaintiff may include only one claim per count.

13       A first amended complaint supersedes the original complaint. <u>Ferdik v. Bonzelet</u>, 963

14  F.2d 1258, 1262 (9th Cir. 1992); <u>Hal Roach Studios v. Richard Feiner & Co.</u>, 896 F.2d 1542,

15  1546 (9th Cir. 1990).  After amendment, the Court will treat an original complaint as

16  nonexistent.  <u>Ferdik</u>, 963 F.2d at 1262.  Any cause of action that was raised in the original

17  complaint is waived if it is not raised in a first amended complaint.  <u>King v. Atiyeh</u>, 814 F.2d

18  565, 567 (9th Cir. 1987).

19  **VII.   Warnings**

20       **A.    Release**

21       Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release.

22  Also, within 45 days of his release, he must either (1) notify the Court that he intends to pay

23  the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result

24  in dismissal of this action.

25       **B.    Address Changes**

26       Plaintiff must file and serve a notice of a change of address in accordance with Rule

27  83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other

28  relief with a notice of change of address.  Failure to comply may result in dismissal of this

1   action.

2   **C.      Copies**

3       Plaintiff must submit an additional copy of every filing for use by the Court.  See

4   LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice

5   to Plaintiff.

6   **D.      Possible "Strike"**

7       Because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails

8   to file an amended complaint correcting the deficiencies identified in this Order, the

9   dismissal will count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g).

10  Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil

11  judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior

12  occasions, while incarcerated or detained in any facility, brought an action or appeal in a

13  court of the United States that was dismissed on the grounds that it is frivolous, malicious,

14  or fails to state a claim upon which relief may be granted, unless the prisoner is under

15  imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

16  **E.      Possible Dismissal**

17      If Plaintiff fails to timely comply with every provision of this Order, including these

18  warnings, the Court may dismiss this action without further notice.  See Ferdik, 963 F.2d at

19  1260-61 (a district court may dismiss an action for failure to comply with any order of the

20  Court).

21  **IT IS ORDERED:**

22      (1)      Plaintiff's Application to Proceed *In Forma Pauperis* is **granted**.  (Doc.# 4.)

23      (2)      As required by the accompanying Order to the appropriate government agency,

24  Plaintiff must pay the $350.00 filing fee and is not assessed an initial partial filing fee.

25      (3)      The Complaint (doc.# 1) is **dismissed** for failure to use the court-approved

26  form complaint and for failure to state a claim.  Plaintiff has 45 days from the date this Order

27  is signed to file a first amended complaint in compliance with this Order.

28      (4)      If Plaintiff fails to file an amended complaint within 45 days, the Clerk of

JDDL-K                                              - 9 -

1   Court must, without further notice, enter a judgment of dismissal of this action with prejudice

2   that states that the dismissal counts as a "strike" under 28 U.S.C. § 1915(g).

3         (5)     The Clerk of Court must mail Plaintiff a court-approved form for filing a civil

4   rights complaint by a prisoner.

5         DATED this 4th day of January, 2008.

6

7

8                               Earl H. Carroll
                          United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1. <u>Who May Use This Form</u>.  The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.  These complaints typically concern, but are not limited to, conditions of confinement.  **This form should not be used to challenge your conviction or sentence**.  If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.  If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2. <u>The Form</u>.  **Local Rule of Civil Procedure (LRCiv) 3.4(a) provides that complaints by incarcerated persons must be filed on the court-approved form.**  The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.  All questions must be answered clearly and concisely in the appropriate space on the form.  If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper.  You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.  You do not need to cite law.

3. <u>Your Signature</u>.  You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

4. <u>The Filing Fee</u>.  The filing fee for this action is $350.00.  If you are unable to immediately pay the filing fee, you may request leave to proceed *in forma pauperis*.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for additional instructions.

5. <u>Original and Judge's Copy</u>.  You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.  You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.  Copies may be legibly handwritten.

6. <u>Where to File</u>.  You should file your complaint in the division **where you were confined when your rights were allegedly violated**.  <u>See</u> LRCiv 5.1(a) and 77.1(a).  If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.  If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division.  If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.  **Mail the original and one copy of the complaint with the $350 filing fee or the application to proceed *in forma pauperis* to:**

<u>Phoenix & Prescott Divisions</u>:        **OR**        <u>Tucson Division</u>:
U.S. District Court Clerk                           U.S. District Court Clerk
U.S. Courthouse, Suite 130                     U.S. Courthouse, Suite 1500
401 West Washington Street, SPC 10     405 West Congress Street
Phoenix, Arizona  85003-2119               Tucson, Arizona  85701-5010

7.  <u>Change of Address</u>.  You must immediately notify the Court and the defendants in writing of any change in your mailing address.  **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.  <u>Certificate of Service</u>.  You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed *in forma pauperis*).  Each original document (except the initial complaint and application to proceed *in forma pauperis*) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.  <u>See</u> Fed. R. Civ. P. 5(a), (d).  Any document received by the Court that does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

> I hereby certify that a copy of the foregoing document was mailed
> this _____ (month, day, year) to:
> Name:  _____
> Address:_____
>         Attorney for Defendant(s)
>
> _____
> (Signature)

9.  <u>Amended Complaint</u>.  If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form.  You may file one amended complaint without leave (permission) of Court before any defendant has answered your original complaint.  <u>See</u> Fed. R. Civ. P. 15(a).  After any defendant has filed an answer, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint.  LRCiv 15.1.  In addition, an amended complaint may not incorporate by reference any part of your prior complaint.  LRCiv 15.1(a)(2).  **Any allegations or defendants not included in the amended complaint are considered dismissed**.  All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10.  <u>Exhibits</u>.  You should not submit exhibits with the complaint or amended complaint. Instead, the relevant information should be paraphrased.  You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11.  <u>Letters and Motions</u>.  It is generally inappropriate to write a letter to any judge or the staff of any judge.  The only appropriate way to communicate with the Court is by filing a written pleading or motion.

12.  <u>Completing the Civil Rights Complaint Form</u>.

**HEADING:**

1.  <u>Your Name</u>.  Print your name, prison or inmate number, and institutional mailing address on the lines provided.

2.  <u>Defendants</u>.  If there are **four or fewer** defendants, print the name of each.  If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.  Insert the additional page after page 1 and number it "1-A" at the bottom.

3.  <u>Jury Demand</u>.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so may result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.  JURISDICTION:**

1.  <u>Nature of Suit</u>.  Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "<u>Bivens v. Six Unknown Federal Narcotics Agents</u>" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

2.  <u>Location</u>.  Identify the institution and city where the alleged violation of your rights occurred.

3.  <u>Defendants</u>.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.  Insert the additional page(s) immediately behind page 2.

**Part B.  PREVIOUS LAWSUITS:**

You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided.  If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.  CAUSE OF ACTION:**

You must identify what rights each defendant violated.  The form provides space to allege three separate counts (**one violation per count**).  If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page. Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.  Remember that you are limited to a total of fifteen additional pages.

3

1. <u>Counts</u>.  You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2. <u>Issue Involved</u>.  Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.  If you check the box marked "Other," you must identify the specific issue involved.

3. <u>Supporting Facts</u>.  After you have identified which civil right was violated, you must state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.  If there is more than one defendant, you must identify which defendant did what act.  You also should state the date(s) on which the act(s) occurred, if possible.

4. <u>Injury</u>.  State precisely how you were injured by the alleged violation of your rights.

5. <u>Administrative Remedies</u>.  You must exhaust any available administrative remedies before you file a civil rights complaint.  <u>See</u> 42 U.S.C. § 1997e.  Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.  If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.  REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.  Failure to sign the complaint will delay the processing of your action.  Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.


**FINAL NOTE**

You should follow these instructions carefully.  Failure to do so may result in your complaint being stricken or dismissed.  All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| _____ , )<br>(Full Name of Plaintiff)  Plaintiff,  )<br>   )<br>   vs.   )<br>   )<br>(1)_____ , )<br>(Full Name of Defendant)   )<br>(2)_____ , )<br>   )<br>(3)_____ , )<br>   )<br>(4)_____ , )<br>        Defendant(s).   )<br> ☐ Check if there are additional Defendants and attach page 1-A listing them.  ) | **CASE NO.** _____<br>(To be supplied by the Clerk)<br><br><br>**CIVIL RIGHTS COMPLAINT<br>BY A PRISONER**<br><br>☐ Original Complaint<br>☐ First Amended Complaint<br>☐ Second Amended Complaint |

## A. JURISDICTION

1.  This Court has jurisdiction over this action pursuant to:
    - ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
    - ☐ 28 U.S.C. § 1331; <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).
    - ☐ Other: _____.

2.  Institution/city where violation occurred: _____.

**550/555**

## B.  DEFENDANTS

1.   Name of first Defendant: _____. The first Defendant is employed as:
_____at_____.
                (Position and Title)                              (Institution)

2.   Name of second Defendant: _____. The second Defendant is employed as:
_____at_____.
                (Position and Title)                              (Institution)

3.   Name of third Defendant: _____. The third Defendant is employed as:
_____at_____.
                (Position and Title)                              (Institution)

4.   Name of fourth Defendant: _____. The fourth Defendant is employed as:
_____at_____.
                (Position and Title)                              (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.  PREVIOUS LAWSUITS

1.   Have you filed any other lawsuits while you were a prisoner?      ☐ Yes       ☐ No

2.   If yes, how many lawsuits have you filed? _____.  Describe the previous lawsuits:

    a.  First prior lawsuit:
        1.   Parties: _____ v. _____
        2.   Court and case number: _____.
        3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
        _____.

    b.  Second prior lawsuit:
        1.   Parties: _____ v. _____
        2.   Court and case number: _____.
        3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
        _____.

    c.  Third prior lawsuit:
        1.   Parties: _____ v. _____
        2.   Court and case number: _____.
        3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
        _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

## D.  CAUSE OF ACTION

### COUNT I

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count I**.  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
   ☐ Basic necessities     ☐ Mail     ☐ Access to the court     ☐ Medical care
   ☐ Disciplinary proceedings     ☐ Property     ☐ Exercise of religion     ☐ Retaliation
   ☐ Excessive force by an officer   ☐ Threat to safety  ☐ Other: _____

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count I.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).
_____
_____
_____.

5.   **Administrative Remedies:**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available
      at your institution?     ☐ Yes   ☐ No
   b.   Did you submit a request for administrative relief on Count I?     ☐ Yes   ☐ No
   c.   Did you appeal your request for relief on Count I to the highest level?   ☐ Yes   ☐ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why
      you did not. _____
_____.

3

**COUNT II**

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count II.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities ☐ Mail ☐ Access to the court ☐ Medical care
☐ Disciplinary proceedings ☐ Property ☐ Exercise of religion ☐ Retaliation
☐ Excessive force by an officer ☐ Threat to safety ☐ Other: _____.

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count II.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____

_____

_____.

5.   **Administrative Remedies.**
a.   Are there any administrative remedies (grievance procedures or administrative appeals) available
at your institution?                                                            ☐ Yes    ☐ No
b.   Did you submit a request for administrative relief on Count II?              ☐ Yes    ☐ No
c.   Did you appeal your request for relief on Count II to the highest level?     ☐ Yes    ☐ No
d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why
you did not. _____
_____.

**COUNT III**

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count III.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
  ☐ Basic necessities        ☐ Mail              ☐ Access to the court      ☐ Medical care
  ☐ Disciplinary proceedings  ☐ Property          ☐ Exercise of religion     ☐ Retaliation
  ☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____.

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count III.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies.**
  a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                   ☐ Yes   ☐ No
  b.   Did you submit a request for administrative relief on Count III?              ☐ Yes   ☐ No
  c.   Did you appeal your request for relief on Count III to the highest level?     ☐ Yes   ☐ No
  d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

## E.  REQUEST FOR RELIEF

State the relief you are seeking:

_____

_____

_____

_____

_____

_____

_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____        _____
                        DATE                                            SIGNATURE OF PLAINTIFF



_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____
(Signature of attorney, if any)

_____

_____
(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.